IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


DONALD MAIDEN,

                              Plaintiff,                        Case No. 3:03 CV 7012

          -vs-                                         MEMORANDUM  OPINION

INDIANA & OHIO RAILWAY CO.,
et al.,

                              Defendant.

KATZ, J.

       This is an action brought by  Donald Maiden (Maiden) against his employer, Indiana & Ohio

Railway Company (the Railway) and RailAmerica, Inc. (RailAmerica) under the Federal Employers'

Liability Act, 45 U.S.C. § 541, et seq. (FELA). Maiden brings claims for negligence and wrongful

discharge. This Court previously dismissed Maiden's wrongful discharge claim in response to a summary

judgment motion by Defendants.

       On August 10, 2002, Plaintiff allegedly was injured while crossing tracks at night to board a train

at the Railway's yard in Lima, Ohio. Maiden claims that the Defendants were negligent by: a) not

adequately lighting the yard; and b) not providing a safe walking area.

       Pending is Defendants' motion for partial summary judgment on Maiden's negligence claim and

Defendants' claim that RailAmerica cannot be held liable for Maiden's injury as RailAmerica was not

Maiden's employer. For the reasons that follow, Defendants' motion shall be granted as to Maiden's

negligence claim and denied as moot as to RailAmerica's claim that it was not Maiden's employer.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©).  The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

2

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. United States*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

DISCUSSION

### A. Plaintiff's Negligence Claims

#### 1. FELA Standard of Review

Plaintiff asserts that Defendants were negligent in: a) not properly lighting Plaintiff's work area; b) not providing a safe walking area by not cleaning up debris and not providing the proper ballast on which Plaintiff was to walk.

Under FELA, in order for a plaintiff to proceed, the plaintiff must show: "1) that he was injured while in the scope of his employment; 2) which employment is in furtherance of the railroad's interstate transportation business; 3) his employer was negligent; and 4) his employer's *negligence played some*

3

*part* in causing the injury for which plaintiff seeks compensation." *Stevenson v. CSX Transp., Inc.*, No. 95-3361, 1996 U.S. App. LEXIS 19151, *5 (6th Cir. July 15, 1996) (citing *Green v. River Terminal Ry Co.*, 763 F.2d 805, 808 (6th Cir. 1985)). The only issues in this case are the negligence prongs — prongs three and four.

Under FELA, there is a more relaxed standard of causation than in a regular negligence tort action. *Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506 (1957). However, this relaxed causation requirement does not excuse a plaintiff from proving the four traditional prongs of a negligence claim: duty, breach, foreseeability, and causation. *Smith v. Consol. Rail Corp.*, No. 95-3727, 1996 U.S. App. LEXIS 19126, *7 (6th Cir. June 28, 1996) (quoting *Adams v. CSX Trasnp., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990)).

The proper test under FELA as to causation "is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury. . . for which damages are sought." *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) (quoting *Rogers*, 352 U.S. at 506). Summary judgment is not properly granted in a FELA case if "the employer's negligence played any part, however slight, in the employee's injuries." *Stevenson*, at *6–7 (citations omitted).

However, FELA does not remove the requirement that a plaintiff "demonstrate some causal connection between a defendant's negligence and [his or her] injuries." *Smith*, at *8 (quoting *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 503 (9th Cir. 1994)). Stated simply: "while an employer's negligence need only play the slightest role in causing the employee's injury, evidence of that causation must be illustrated by more than speculation or mere possibility." *Id*. at *7; *see also Mayhew v. Bell*

4

*Steamship Co.*, 917 F.2d 961, 963 (6th Cir. 1990). A FELA claim does not shield a claim from being dismissed at summary judgment; "if the plaintiff presents no evidence whatsoever to support the inference of negligence, the railroad's summary judgment motion is properly granted." *Smith*, at *8 (quoting *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 832 (7th Cir. 1994). The Supreme Court and Sixth Circuit have consistently held in FELA cases that "[s]peculation cannot supply the place of proof." *Moore v. Chesapeake & Ohio Ry.*, 340 U.S. 573, 576 (1951); *Basinger v. CSX Transp.*, No. 94-3908, 1996 U.S. App. LEXIS 19139, *12 (6th Cir. July 16, 1996); *Mang v. Norfolk & W. Ry. Co.*, No. 84-3574, 1985 U.S. App. LEXIS 13781, *10 (6th Cir. December 11, 1985); *Green*, 763 F.2d at 807.

### 2. Plaintiff's Inadequate Lighting Claim

Plaintiff insists that, but for the Defendants' failure to adequately light Plaintiff's workplace at night, Plaintiff would not have fallen and injured himself. Defendants argue — an argument born out in Plaintiff's own deposition testimony — that they provided Plaintiff with a working lantern and Plaintiff failed to use the lantern properly. Defendants argue that they did not breach a duty to adequately light the area because they provided a lantern to Plaintiff.

Plaintiff points to a report published by the Federal Railroad Administration which holds that a handheld lantern is insufficient to provide adequate lighting for a work area. However, this report only lays out "*suggested best practices*, based on the information gathered during the present study. . . ." (Emphasis added). This report is not binding on the railroads nor does it lay out duties owed by railroads to their employees. The report merely suggests how a railroad should operate.

The uncontroverted evidence is clear that Plaintiff was provided a working handheld lantern by Defendants and that Plaintiff chose not to use the lantern properly. In order to show that Defendants

breached a duty to Plaintiff, Plaintiff would have to show that the overall lighting situation was inadequate; i.e. that the lighting provided was insufficient in spite of his proper use of the lantern. Plaintiff admits in deposition testimony that he did not use the lantern properly, letting it dangle by his side rather than shine it in front of him. Plaintiff's argument that the lighting was insufficient is pure speculation; because he voluntarily did not use the lantern provided to him by Defendants, he cannot show that the overall lighting situation was inadequate. Therefore, Plaintiff cannot show that Defendants breached a duty owed to him.

Assuming *arguendo* that Defendants breached a duty to Plaintiff, Plaintiff cannot show that such a breach caused his accident. Plaintiff provides no evidence that the inadequate lighting caused him to step on something improper; in fact, Plaintiff does not know what he stepped on or why he fell. Plaintiff very well may have fallen even if the lighting was adequate. Finally, because Plaintiff provides no evidence which would lead a reasonable jury to the conclusion that the lighting situation caused his injury, Plaintiff has failed to demonstrate a causal connection between the alleged breach of duty and Plaintiff's injuries.

Plaintiff's argument is basically one of *res ipsa loquitor*. *Res ipsa loquitor*, Latin for "the thing speaks for itself," is "[t]he doctrine providing that, in some circumstances, the mere fact of an accident's occurrence raises an inference of negligence so as to establish a prima facie case." Black's Law Dictionary 1311 (7th ed. 1999). However, Plaintiff's accident is not one which raises an inference of negligence; people often trip and fall without negligence on anyone's part.

Regarding his inadequate lighting claim, Plaintiff cannot show: a) that a duty to him was breached; or b) even if a duty was breached, that it caused him damage. Therefore, summary judgment is properly entered for the Defendants on Plaintiff's inadequate lighting claim.

6

### *3. Plaintiff's Failure to Maintain Premises and Failure to Use Proper Ballast Claims*

Defendants' contend that Plaintiff cannot show why he fell and, therefore, cannot prevail as a matter of law. The Court agrees. Assuming that Defendant breached a duty to Plaintiff by not properly maintaining the cleanliness of the yard and by not using the proper ballast,[1] Plaintiff's causation argument that he fell because of the negligence of the Defendants is pure speculation; *Plaintiff does not know why he fell*.

Plaintiff's argument with these claims, like his argument regarding the inadequate lighting claim, is basically a *res ipsa* argument. Plaintiff argues that the fact of his injury alone, in light of an alleged breach by Defendants, is sufficient to get his claims to a jury. It is a stretch, however, to say that FELA's relaxed negligence standard requires the mere <u>fact</u> of an injury be sufficient for a negligence claim to reach a jury.

Plaintiff cannot show that, because there was an alleged breach of duty owed to him, he was injured. Plaintiff seeks to have a jury determine why he was injured, even though he does not know himself why he was injured. An FELA suit does not insulate a Plaintiff from showing causation. *Smith*, at *8. Plaintiff's argument is entirely speculative — and speculation as to causation does not suffice.

Plaintiff points to his expert's report which states that Plaintiff's injury happened "when a large piece of ballast-like material rolled under his footing causing his knee to 'pop.'" However, this report contradicts Plaintiff's own deposition testimony that he never looked to see what he fell on or why he fell. Therefore, the Court properly will disregard Plaintiff's expert report as being without foundation to come to the conclusion why Plaintiff injured himself.

---

[1] The Court does not reach the issues of whether these duties were actually breached — there is enough controverted evidence for the issue of breach, for these claims, for jury determination.

Plaintiff may have fallen over an untied shoelace, tripped over his own two feet, or fallen because of the negligence of the railroad; Plaintiff relies on speculation and the mere possibility of negligence to try and show causation. As a matter of law, Plaintiff's speculation as to why he was injured is not enough for Plaintiff's claim to survive summary judgment. *See Smith*, at *7. Therefore, summary judgment is properly entered for the Defendants on Plaintiff's unsafe walking area claims.

**B. Plaintiff's Respondeat Superior Claim Against RailAmerica**

Plaintiff cannot prevail on his negligence claims against any party, including RailAmerica. Therefore, RailAmerica's summary judgment motion that it cannot be held liable as it was not Plaintiff's employer shall be denied as moot.

CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment (Doc. No. 70) is granted as to Plaintiff's negligence claim.  Finally, Defendant RailAmerica's motion for summary judgment (Doc. No. 70) is denied as moot.

IT IS SO ORDERED.

                                      *s/ David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE

8